EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (California Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5710
     Facsimile: (213) 894-7177
     E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>$100,000.00 Seized from Redstone Credit Union Account No. '3207,<br><br>       Defendant. | No. CV 15-05849-BRO (FFMx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE INTERESTS OF KNOWN POTENTIAL CLAIMANTS CHUN TUCKER AND THE REPUBLIC OF KOREA, AND ALL UNKNOWN POTENTIAL CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF FRANK D. KORTUM**<br><br>Date: March 6, 2017<br>Time: 1:30 p.m.<br>Crtrm: 7C<br>      350 West 1st Street<br>      Los Angeles, California<br>Before The Honorable Beverly Reid O'Connell, U.S. District Court Judge |

     PLEASE TAKE NOTICE that on March 6, 2017 at 1:30 p.m., plaintiff United States of America will present a motion for entry of default judgment against the interests of (A) known potential claimants Chun Tucker and the Republic of Korea; and (B) all unknown potential claimants.  The motion will be heard before the Honorable Beverly Reid O'Connell, United States District Court, Courtroom 7C, 350 West 1st Street, Los Angeles, California.

     This motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Rules of Practice for the Central District of California.

     This motion is based upon the accompanying Memorandum of Points and Authorities; the Declaration of Frank D. Kortum; and all other facts appearing in the Court's file; and upon such further evidence, oral or documentary, as may be presented prior to or at the hearing of this motion.

Dated: January 19, 2017          Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney
                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                   _/s/ Frank D. Kortum_
                                 FRANK D. KORTUM
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.    THE POTENTIAL CLAIMANTS ARE IN DEFAULT ........................ 3

II.   ARGUMENT ..................................................... 6

      A.   THE STANDARD FOR ENTRY OF JUDGMENT BY DEFAULT .............. 6

           1.   THE EITEL FACTORS.................................... 6

           2.   PROCEDURAL REQUIREMENTS............................. 8

           3.   FAILURE TO FILE A VALID CLAIM AND ANSWER............ 8

      B.   THE VERIFIED COMPLAINT ALLEGES A SUFFICIENT CLAIM FOR
           FORFEITURE.............................................. 10

      C.   THE COMPLAINT'S ALLEGATIONS ESTABLISH THAT THE DEFENDANT
           REAL PROPERTIES ARE SUBJECT TO FORFEITURE................ 11

      D.   THE PROPOSED DEFAULT JUDGMENT .......................... 11

III.  CONCLUSION ................................................. 12

DECLARATION OF FRANK D. KORTUM.................................... 18

i

1

**TABLE OF AUTHORITIES**

2

CASES

3

Alan Neuman Productions, Inc. v. Albright,
4    862 F.2d 1388 (9th Cir. 1988) ....................................... 7

5

Aldabe v. Aldabe,
6    616 F.2d 1089 (9th Cir. 1980) ....................................... 6

7

Draper v. Coombs,
     792 F.2d 915 (9th Cir. 1986) ........................................ 6
8

Eitel v. McCool,
9    782 F.2d 1470 (9th Cir.1986) ........................................ 7

10

Geddes v. United Financial Group,
11   559 F.2d 557 (9th Cir. 1977) ........................................ 7

12

Ioane v. Alter,
     No. CIV. 96-20629, 1997 WL 767526
13   (N.D. Cal. November 21, 1997) ....................................... 6

14

Laborers Health and Welfare Trust Fund for Northern
15     California v. Demas Construction,
     No. C-96-3132 DLJ, 1997 WL 227976
16   (N.D. Cal. March 14, 1997) .......................................... 6

17

United States v. 2007 Chrysler 300 Touring
18     VIN:2C3KA53G27H883668,
     No. CIV 10-0246 JB/WDS, 2011 WL 1119701
19   (D. N.M. March 10, 2011) ............................................ 9

20

PepsiCo v. Triunfo-Mex, Inc.,
21   189 F.R.D. 431 (C.D. Cal. 1999) .................................... 6

22

TeleVideo Systems, Inc. v. Heidenthal,
     826 F.2d 915 (9th Cir. 1987) ........................................ 7

23

United States v. Approximately $194,752 in U.S. Currency,
24   No. C-11-1400 EMC, 2011 WL 3652509
     (N.D. Cal. August 19, 2011) ......................................... 7

25

United States v. Currency $267,961.07,
26   916 F.2d 1104 (6th Cir. 1990) ....................................... 9

27

28

ii

United States v. One Hundred Four Thousand Six Hundred
    Seventy-Four Dollars ($104,674.00),
    17 F.3d 267 (8th Cir. 1994).........................................9

United States v. $11,918.00, No. 1:03-cv-05679-AWI-SMS,
    2007 WL 3037307 (E.D. Cal. October 17, 2007).......................9

United States v. $148,840.00 in U.S. Currency,
    521 F.3d 1268 (10th Cir. 2008).....................................9

United States v. $50,200 in U.S. Currency,
    76 F.Supp. 2d 1247 (D. Wyo. 1999)..................................9

United States v. $515,060.42 in U.S. Currency,
    152 F.3d 491 (6th Cir. 1998).......................................9

United States v. 1999 Lexus GS400,
    No. C 05-1139 PJH, 2007 WL 1056791 (N.D. Cal. April 6, 2007)......8

United States v. One 1985 Cadillac Seville,
    866 F.2d 1142 (9th Cir. 1989)......................................9

United States v. One 2001 Cadillac Deville Sedan,
    335 F.Supp. 2d 769 (E.D. Mich. 2004)...............................9

STATUTES

18 U.S.C. § 201.................................................. 8, 11

18 U.S.C. § 981(a)(1)(C)........................................ 7, 11

18 U.S.C. § 981(a)(1)(A)........................................ 3, 13

Local Rule C(4)(a)(3)...................................... 4, 5, 14, 15

Local Rule 5.2-1.................................................. 4, 14

RULES

Fed.R.Civ.P. 55..................................................... 8

Fed.R.Civ.P. 5(a).................................................. 6

Federal Rule of Civil Procedure 55(b)(2).................... 6, 8, 11

Supplemental Rules for Admiralty and Maritime Claims and Asset
Forfeiture Actions

        Rule C(6) ................................................. 9

Rule E(4)(b) .............................................. 3, 13

Rule G .......................................................... 8

Rule G(4)(a)(iv)(C) ..................................... 3, 13

Rule G(5) ................................................. 5, 15

Rule 12 ....................................................... 10

OTHER AUTHORITIES

Servicemembers Civil Relief Act of 2003 ......................... 5, 8

Federal Practice and Procedure 3d § 2688 ......................... 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THE POTENTIAL CLAIMANTS ARE IN DEFAULT

On August 3, 2015, the United States of America (the "government" or "plaintiff") filed a Verified Complaint for Forfeiture as to the defendant $100,000 Seized from Redstone Credit Union Account '3207 (the "defendant"), in this action pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). Dkt. 1. See Declaration of Frank D. Kortum ("Kortum Declaration") at ¶ 2.

On September 10, 2015, process was executed upon the defendant by the United States Marshals Service in accordance with Supplemental Rule E(4)(b). Attached to the Kortum Declaration as Exhibit "A" is a true and correct copy of the Process Receipt and Return (USM-285). Dkt. 12; Kortum Decl. ¶ 3.

Beginning on August 10, 2015, notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Attached to the Kortum Declaration as Exhibit "B" a true and correct copy of the internet Proof of Publication. Dkt. 11; Kortum Decl. ¶ 4.

On November 5, 2015, GS Caltex Corporation ("Caltex") filed a claim of interest in the defendant and on November 23, 2015, Caltex filed an answer to plaintiff's complaint. Dkts. 12 & 15. On December 13, 2016, the Department of Justice granted Caltex's petition for remission. Kortum Decl. ¶ 5.

### NOTICE TO CHUN TUCKER

On September 2, 2015, the United States sent notice of the

3

1    Complaint to potential claimant Chun Tucker ("Tucker") at the

2    following last known addresses:

3         a.    Los Angeles, California 90020;[1] and

4         b.    in care of Robert K. Steinberg, Esq., 12304 Santa

5               Monica Blvd., 3rd Floor, Los Angeles, California 90025

6         The notices were sent by certified mail with a claim letter

7    describing the defendant seized in the above action and giving notice

8    as to the time within which a claim and answer were required to be

9    filed as required by Local Rule C(4)(a)(3).  Copies of the Complaint

10   and the United States Marshals Service Notice of Seizure were also

11   provided.  Attached to the Kortum Declaration as Exhibit "C" is a

12   true and correct copy of the returned certified mail envelope with

13   the notice "RETURN TO SENDER UNABLE TO FORWARD."  Attached to the

14   Kortum Declaration as Exhibit "D" is a true and correct copy of the

15   claim letter and a copy of the returned certified mail return receipt

16   card for Tucker, in care of Robert K. Steinberg, Esq., at 12304 Santa

17   Monica Blvd., 3rd Floor, Los Angeles, California 90025, indicating

18   that the claim letter was received and accepted.  Kortum Decl. ¶ 6.

19   **NOTICE TO THE REPUBLIC OF KOREA**

20        On September 2, 2015, the United States sent notice of the

21   Complaint to potential claimant to the Republic of Korea, in care-of

22   Il-Su Lim, Deputy Chief of ICC, International Cooperation Center

23   Supreme Prosecutors' Office, Republic of Korea, 157 Banpo-daero,

24   Seocho-gu, Seoul 137-730, Korea.  The notice was sent by registered

25   mail with a claim letter describing the defendant seized in the above

26   action and giving notice as to the time within which a claim and

27   ─────────────

28        [1]  Pursuant to Local Rule 5.2-1, residential addresses have been
     omitted from this motion.

                                    4

1    answer were required to be filed as required by Local Rule

2    C(4)(a)(3).  Copies of the Complaint and the United States Marshals

3    Service Notice of Seizure were also provided.  Attached to the Kortum

4    Declaration as Exhibit "E" is a true and correct copy of the claim

5    letter and the envelope sent registered mail to the Republic of

6    Korea.  Kortum Decl. ¶ 7.

7        In accordance with Supplemental Rule G(5), the time for

8    potential claimants Tucker and the ROK to file a claim in this action

9    expired on October 7, 2015, and the time for filing an answer expired

10   on October 28, 2015.  Kortum Decl. ¶ 8.

11       In accordance with Supplemental Rule G(5), all interested

12   parties who have not received direct notice must file a claim no

13   later than 60 days after the first day of publication of an official

14   internet government forfeiture site and an answer within 21 days

15   thereafter.  The first day of publication of this action on the

16   government forfeiture site was August 10, 2015.  Kortum Decl. ¶ 9.

17       Plaintiff has not received a filed claim or answer from known

18   potential claimants Tucker and the ROK or any potential claimant,

19   other than Caltex.  Kortum Decl. ¶ 10.

20       Based on information and belief, known potential claimant Tucker

21   is neither a minor nor incompetent person.  Kortum Decl. ¶ 11.

22       Based on information and belief, known potential claimant Tucker

23   does not serve in the U.S. military; accordingly, the Servicemembers

24   Civil Relief Act of 2003 does not apply.  Kortum Decl. ¶ 12.

25       On August 11, 2016, plaintiff filed an application for entry of

26   default by the Clerk against the interests of known potential

27   claimants Tucker and the ROK, and all unknown potential claimants

28

since known potential claimants, other than Caltex, have failed to file a claim and/or answer (and the time to file a claim and answer has expired).  Dkt. 26.  Kortum Decl. ¶ 13.

On January 13, 2016, a Default by Clerk was entered against the interests of known potential claimants Tucker and the ROK, and all unknown potential claimants.  Attached to the Kortum Declaration as Exhibit "F" is a true and correct copy of the Default by Clerk.  Dkt. 34; Kortum Decl. ¶ 14.

On the date of filing, this Notice of Motion and Motion for Entry of Default Judgment was served by U.S. mail on known potential claimants Tucker and the ROK at their last known addresses.  Kortum Decl. ¶ 15.

## II.   ARGUMENT

### A.   THE STANDARD FOR ENTRY OF JUDGMENT BY DEFAULT

#### 1.   THE EITEL FACTORS

After the Clerk has entered default for failure to plead or otherwise defend an action, the court may enter judgment by default on the plaintiff's complaint.  Fed.R.Civ.P. 55(a), 55(b)(2).  "Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather it is left to the sound discretion of the court."  PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); Laborers Health and Welfare Trust Fund for Northern California v. Demas Construction, No. C-96-3132 DLJ, 1997 WL 227976 at *1 (N.D. Cal. March 14, 1997) (citing Draper v. Coombs, 792 F.2d 915 (9th Cir. 1986)); see Ioane v. Alter, No. CIV. 96-20629, 1997 WL 767526 at *3 (N.D. Cal. November 21, 1997) (citing

1   _Alan Neuman Productions, Inc. v. Albright_, 862 F.2d 1388, 1392 (9th

2   Cir. 1988)).

3        In exercising its discretion to grant or deny a motion for

4   default judgment, courts typically consider the following factors:

5        (1) The possibility of prejudice to the plaintiff, (2) the

6        merits of plaintiff's substantive claim, (3) the

7        sufficiency of the complaint, (4) the sum of money at stake

8        in the action; (5) the possibility of a dispute concerning

9        material facts; (6) whether the default was due to

10       excusable neglect, and (7) the strong policy underlying the

11       Federal Rules of Civil Procedure favoring decisions on the

12       merits.

13  _Eitel v. McCool_, 782 F.2d 1470, 1471–72 (9th Cir.1986) (the "Eitel

14  Factors").  Furthermore, when considering whether to grant default

15  judgment, courts generally assume the factual allegations of the

16  complaint to be true.  _Geddes v. United Financial Group_, 559 F.2d

17  557, 560 (9th Cir. 1977); _TeleVideo Systems, Inc. v. Heidenthal_,

18  826 F.2d 915, 917–918 (9th Cir. 1987).

19       The Eitel Factors in this case weigh heavily in support of

20  default judgment.  The plaintiff would be highly prejudiced if

21  default judgment was not granted, because "it would be forced to

22  continue the litigation even though no party has filed an answer or a

23  claim."  _United States v. Approximately $194,752 in U.S. Currency_,

24  No. C-11-1400 EMC, 2011 WL 3652509 at *3 (N.D. Cal. August 19, 2011).

25  Additionally, as discussed in detail below, the government has

26  established that the defendant is subject to forfeiture pursuant to

27  18 U.S.C. § 981(a)(1)(C) as defendant represents or is traceable to

28

7

proceeds of the bribery of a public official in violation of 18 U.S.C. § 201.

Furthermore, there is no dispute as to material facts because no valid claim and/or answer has been filed by known potential claimants in this case, other than Caltex, and there is no evidence that the default is due to excusable neglect.  Finally, while policy considerations favor a decision on the merits, it is not possible to decide this case on the merits with respect to the defendant, since no other known potential claimant has not filed an answer or appeared to contest forfeiture of the defendant real properties.  Therefore, default judgment is appropriate.  Id.

2.    PROCEDURAL REQUIREMENTS

A party seeking default judgment must establish: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act of 2003 does not apply; and (e) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  As set forth above, these procedural requirements have been met.

3.    FAILURE TO FILE A VALID CLAIM AND ANSWER

Default judgment is appropriate against a party who failed to file a claim where the government has complied with the procedural requirements of Rule G.  Fed.R.Civ.P. 55; United States v. 1999 Lexus GS400, No. C 05-1139 PJH, 2007 WL 1056791 at *2-3 (N.D. Cal. April 6,

2007).  Further, in order to contest a forfeiture action, a claimant must have Article III and statutory standing.  United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 & n. 3 (10th Cir. 2008); United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir. 1998); United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989).  A verified claim is a prerequisite to establishing statutory standing.  United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, No. CIV 10-0246 JB/WDS, 2011 WL 1119701 at *1 (D. N.M. March 10, 2011) (citing United States v. $11,918.00, No. 1:03-cv-05679-AWI-SMS, 2007 WL 3037307 at *7 (E.D. Cal. October 17, 2007)).  As noted above, known potential claimants were specifically informed by the government of the requirement to file a claim on or before October 7, 2015, and an answer or Rule 12 motion within 21 days of filing a claim.  No notice of interested parties has been filed other than Caltex.  Accordingly, known potential claimants Chun Tucker and the ROK have no statutory standing in this matter.  United States v. One 2001 Cadillac Deville Sedan, 335 F.Supp. 2d 769, 772-3 (E.D. Mich. 2004) (claimant who did not comply with Supplemental Rule C(6) by filing a verified claim lacks statutory standing); United States v. $50,200 in U.S. Currency, 76 F.Supp. 2d 1247, 1253 (D. Wyo. 1999) (same); United States v. One Hundred Four Thousand Six Hundred Seventy-Four Dollars ($104,674.00), 17 F.3d 267, 268 (8th Cir. 1994) (strict compliance with Supplemental Rule C (6) is required); United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990) (same).  Therefore, known potential claimants, other than Caltex, are properly in default and the facts of the complaint are to be deemed admitted.

**B.  THE VERIFIED COMPLAINT ALLEGES A SUFFICIENT CLAIM FOR FORFEITURE**

Under the terms of the Status of Forces Agreement ("SOFA") between the ROK and the United States, contractors working for the United States Armed Forces Korea ("USFK") are exempt from ROK taxes on gasoline and other petroleum products purchased for official use in the ROK.  The terms of the SOFA also provide that the USFK is responsible for certifying the eligibility of contractors to receive the tax exemptions and providing them a Tax Exemption Coupon for the purchase of petroleum products.  Each coupon identifies, <u>inter alia</u>, the USFK contract number, the name of the company from which the petroleum products are to be purchased, the price and quantity of the purchase and the identity of the issuing officer.  When the coupons are used at a Korean gas station, the station owner calculates the amount of Korean taxes exempted and the purchaser only pays the net amount.  Tucker worked in Korea as a Contract Branch Chief with the Army Corps of Engineers, and was responsible for issuing tax exempt fuel coupons to USFK contractors.  <u>See</u> Complaint ¶ 8.

In 2004, Tucker began accepting bribes in exchange for distributing the fuel coupons to Chang-Kyu Kim ("Kim"), the owner of a gas station in Korea.  In order to facilitate payment of the bribes, Kim opened an account at Shinhan Bank ROK under his name, deposited the bribe payments into the account, and gave Tucker access to the account.  Tucker would then withdraw the bribe payments from the account after Kim deposited them.  Kim made over $400,000.00 in bribe payments to Tucker in exchange for the fuel coupons.  <u>Id.</u> at ¶ 9.

The fuel coupons that Tucker delivered to Kim were fraudulent in that, <u>inter alia</u>, they referenced either non-existent or ineligible

10

contracts.  The bribery scheme described above caused a revenue loss to the ROK of approximately $9.5 million in 2006 alone.  Id. at ¶ 10.

During the time of the bribery scheme, Tucker maintained accounts at Redstone Federal Credit Union in Alabama and Community Bank in Korea.  Tucker made over $268,000 in deposits to her Redstone account between 2004 and 2006, which originated from Tucker's Community Bank account.  Tucker had no legitimate source of income between 2004 and 2006 other than her salary as an Army employee.  The sums deposited into Tucker's Redstone account between 2004 and 2006 significantly exceeded her legitimate salary.  Id. at ¶ 11.

On June 9, 2014, Tucker agreed to plead guilty to one count of bribery.  See United States v. Tucker, No. CR 11-00248-JFW (C.D. Cal.) (Dkt. 5, filed April 8, 2015).  Id. at ¶ 12.

### C.   THE COMPLAINT'S ALLEGATIONS ESTABLISH THAT THE DEFENDANT IS SUBJECT TO FORFEITURE

Pursuant to the statute upon which the claim for relief is based, plaintiff alleges that the defendant represents or is traceable to proceeds of the bribery of a public official in violation of 18 U.S.C. § 201.  The defendant is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### D.   THE PROPOSED DEFAULT JUDGMENT

Because the facts admitted by the defaulting parties establish that the defendant is subject to forfeiture, judgment by default against the interests of known potential claimants Tucker and the ROK, and all unknown potential claimants should be entered pursuant to Federal Rule of Civil Procedure 55(b)(2), in light of their failure to defend.

Once a court has decided that judgment should be entered by default, the court must determine the character of the recovery to grant the plaintiff.  10A Wright, Miller & Kane, <u>Federal Practice and Procedure 3d § 2688</u>.  The proposed default judgment grants the very relief sought in the complaint (forfeiture of the defendant to the United States of America for disposition according to law).

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion for a default judgment.

Dated: January 19, 2017          Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


   */s/ Frank D. Kortum*
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

12